## APPEAL OF C. E. LONGLEY CO.

Docket No. 6650.    Submitted February 23, 1926.    Decided June 28, 1926.

Where the taxpayer, in making up inventories, arbitrarily deducted 7 per cent from invoice price of goods to compensate for discounts, *held*, that such method is not a compliance with art. 1583 of Regulations 45.

*Clarence L. Johnson, C. P. A.*, for the petitioner.
*F. O. Graves, Esq.*, for the Commissioner.

Before GRAUPNER [1] and TRAMMELL.

This is an appeal from the determination of deficiencies in income tax of $313.27 for the calendar year 1919 and $502.90 for the calendar year 1920. The deficiencies result from the action of the Commissioner in refusing to allow a reduction of inventories for the respective years by a fixed percentage of cost.

### FINDINGS OF FACT.

The taxpayer is a Connecticut corporation, with its principal office at New Haven, and is engaged in the business of retailing men's clothing and furnishings.

For the years involved in this appeal, and for each year since its incorporation in 1898, the taxpayer has taken its inventory on the basis of cost, which it then reduced by 7 per cent to compensate for trade discounts received on purchases.

The inventories as of January 1st, for each of the years 1919, 1920 and 1921, both on the basis of invoice prices and of invoice prices less 7 per cent, are as follows:

|                    | Invoice price. | 93 per cent basis. |
|--------------------|----------------|--------------------|
| January 1, 1919    | $71,538.34     | $66,530.65         |
| January 1, 1920    | 80,124.78      | 74,516.04          |
| January 1, 1921    | 95,434.22      | 89,040.82          |

During the year 1919 the discounts actually received by the taxpayer averaged approximately 6 per cent of the purchases, and for the year 1920, approximately 5⅔ per cent of the purchases.

---

[1] This decision was prepared by Mr. Graupner during his term of office.

The amounts of the total purchases and the discounts received during these two years are as follows:

| | Purchases. | Discount. |
|---|---|---|
| 1919 | $247,532.56 | $14,686.15 |
| 1920 | 304,093.25 | 17,234.23 |
| Total | 551,625.81 | 31,920.38 |

The deficiencies in issue arise from the fact that the Commissioner rejected the arbitrary reduction of 7 per cent and adjusted the inventories for the respective years on the basis of cost, as shown by the invoices for goods purchased.

The taxpayer's books are kept on the accrual basis.

### OPINION.

GRAUPNER: This proceeding is governed by section 203 of the Revenue Act of 1918, which provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

In accordance with the authority vested in him by this section, the Commissioner, in article 1583 of Regulations 45, has prescribed that inventories shall be taken either on the basis of cost or of cost or market, whichever is lower, and that, in determining cost, trade or other discounts, except strictly cash discounts, may be deducted or not at the option of the taxpayer, provided a consistent course is adopted. This regulation of inventories is an administrative power conferred upon the Commissioner by the statute. Article 1583 is in conformity with the statute. Its requirements are reasonable.

The taxpayer herein can not be said to have complied with these regulations. An arbitrary deduction of a fixed percentage each year, without regard for the actual discounts received on the merchandise inventories, can not be said to be a compliance. That such a method does not truly reflect the cost is illustrated by the fact that in one of the years there is a variation of 1 per cent of cost between the estimated deduction and the average discounts received, and in the other year an even greater discrepancy occurs— a difference of 1⅓ per cent. See *Appeal of Ederheimer-Stein Co.*, 2 B. T. A. 711.

> *The deficiencies are $313.27 for the year 1919 and $502.90 for 1920. Order will be entered accordingly.*